IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-416-H

NIKKI IACONO, in her individual capacity, )
and on behalf of her minor child, )
ARIANA IACONO, )
 )
    Plaintiffs, )
 )
v. ) **ORDER**
 )
DR. EDWARD CROOM, in his individual and )
official capacities, SHELLY MARSH, in his )
individual and official capacities, CLINT )
EAVES, in his individual and official capacities, )
ANDREA ANDINO, in her individual and )
official capacities, and the JOHNSTON )
COUNTY BOARD OF EDUCATION, )
SERVICES, )
 )
    Defendants. )

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order [DE-3] and Plaintiffs' Motion for Preliminary Injunction [DE-4]. For the reasons discussed below, Plaintiffs' Motion for Temporary Restraining Order is GRANTED.

## BACKGROUND

Plaintiffs Ariana Iacono ("Ariana") and her mother Nikki Iacono ("Ms. Iacono") are members of a religious group known as the Church of Body Modification ("the Church"). The Church has approximately 3,500 practicing members nationwide (including 20 in North Carolina) and is incorporated formally in Pennsylvania. Members of the church practice ancient and modern body modification rituals—including piercing, scarring, tattooing, and suspensions—through which they strengthen the connection between their bodies, minds, and souls. Ms. Iacono has been a member of the Church since August of 2009. With her mother's help and support, Ariana joined in August

of 2010, at which time she had her nose pierced. Ariana believes that, according to the Church's teachings, she must wear the nose stud at all times.

On August 25, 2010, Ariana enrolled as a freshman at Clayton High School in Clayton, North Carolina. On the first day of school, Ariana was informed that the high school's Dress Code forbade her from wearing her nose stud. All of Johnston County's schools, including Clayton High School, have a Dress Code which provides in relevant part that no jewelry shall be affixed to a student's nose, tongue, lips, cheek, or eyebrow. The Dress Code includes an exemption based on religious grounds, through which a school official may exempt a student from the Dress Code when compliance would impose a substantial burden on the exercise of a sincerely held religious belief.

Between August 26, 2010 and September 7, 2010, Ms. Iacono met with numerous school and county officials to discuss the situation. Ariana was allowed to wear the nose stud to school during this time. Between September 7, 2010 and September 21, 2010, Ariana was cited five times for violation of the Dress Code and given a series of out-of-school suspensions. The final suspension recommended her for long-term suspension as well as placement in an alternative school. On September 28, 2010, Plaintiffs filed a notice of appeal from this decision.

A hearing on Plaintiffs' appeal was conducted on October 4, 2010 and a decision upholding the final suspension was announced. Subsequently, Plaintiffs have filed a Complaint [DE-1] against the Johnson County Board of Education and several of its officials, as well as the principal and assistant principal of Clayton High School (collectively "Defendants"). In their complaint, Plaintiffs allege (1) violation of the Free Exercise Clause of the First Amendment; (2) violation of the Due Process Clause of the Fourteenth Amendment; and (3) violation of the Equal Protection clause of the Fourteenth Amendment. Plaintiffs ultimately seek a preliminary injunction, enjoining

Defendants' from enforcing the Dress Code as applied to Ariana's nose stud, and ordering them to allow her to return to Clayton High School.

## ANALYSIS

The factors to be weighed before issuing a temporary restraining order ("TRO") are the same as those considered before issuance of a preliminary injunction. *See e.g. Flicker v. Tuohy*, 305 F.Supp.2d 569, 571 (S.D. Md. 2004). Thus, in determining whether a TRO should issue, the Court must weigh four factors: (1) the likelihood of irreparable harm to the plaintiff if the relief is denied; (2) the likelihood of harm to the defendant if the relief is granted; (3) the likelihood that the plaintiff will succeed on the merits of its claim; and (4) the public interest. *Newsom ex rel. Newsom v. Albemarle Cnty Sch.Bd.*, 354 F.3d 249, 254 (4th Cir. 2003); *Hoechst Diafoil Co. V. Nan Ya Plastics Corp.*, 174 F.3d 411, 417 (4th Cir. 1999). The relative harms to plaintiff and defendant are the most important considerations in this analysis. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1992).

The Court finds that the balance of hardships in this case favors Plaintiffs. Denial of the requested TRO will result in irreparable harm to Plaintiffs in the form of a loss of her Free Exercise rights. The Supreme Court has held that "[t]he loss of First Amendment rights, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality). No comparable harm will befall Defendants if a TRO is issued. In addition, the Court finds that Plaintiffs have shown a likelihood of success on the merits, particularly as to their Free Exercise claim. Lastly, the public generally has an interest in preventing violation of First Amendment rights. Accordingly, Plaintiffs' Motion for Temporary Restraining Order is GRANTED.

3

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Temporary Restraining Order [DE-3] is hereby **GRANTED**. Defendants, and all persons acting on their behalf or in concert with them, are hereby **RESTRAINED** from enforcing the Dress Code of the Johnston County Board of Education against Ariana as it pertains to her nose stud, and **ORDERED** to allow Ariana to return to Clayton High School immediately. It is further ordered that Plaintiffs shall post a bond with this Court in the amount of $500.00 as a security for potential costs and damages.

A hearing on Plaintiffs' Motion for Preliminary Injunction [DE-4] will be held before this Court on November 3, 2010, in Greenville, North Carolina.

This the 8th day of October, 2010.

MALCOLM J. HOWARD
Senior United States District Judge