IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-cv-00416-H

NIKKI IACONO, in her individual )
capacity, and on behalf of her minor child, )
ARIANA IACONO, )
)
Plaintiffs, )
)
v. )
) **CONSENT ORDER**
)
DR. EDWARD CROOM, in his )
individual and official capacities, SHELLY )
MARSH, in his individual and official )
capacities, CLINT EAVES, in his )
individual and official capacities, )
ANDREA ANDINO, in her individual )
and official capacities, and the )
JOHNSTON COUNTY )
BOARD OF EDUCATION, )
)
Defendants. )
)

The parties having agreed to the terms hereof, and deeming it just and proper to do so, it is hereby FOUND, ADJUDGED, and ORDERED as follows:

Findings of Fact

1. Plaintiffs Nikki Iacono and her daughter Ariana Iacono are members of the Church of Body Modification. They brought this action on October 6, 2010 under 42 U.S.C. § 1983, alleging violations of their First Amendment right to the free exercise of their religion and violations of Ms. Iacono's Fourteenth Amendment right to direct the religious upbringing of her child. Ariana is a student at Clayton High School in Johnston County, North Carolina.

2. Plaintiffs asserted that the Johnston County Board of Education and various school officials (collectively, "Defendants") violated these rights when they refused to grant to Ariana a religious exemption from their student dress code allowing her to wear a small nose stud in keeping with the central tenets of her religion. Plaintiffs asserted that Defendants violated these rights by suspending Ariana from Clayton High School. Defendants firmly deny all such allegations and assert that they have not violated Plaintiffs' rights in any way.

3.      Plaintiffs further asserted that Defendants' religious exemption policy, 4220-R, violated First Amendment law by allowing the principal or other administrator to determine whether a student's religious practices are central to the religion in question. Defendants deny such allegations.

4.      The parties have agreed to resolve all controversies and disputes between them in accordance with the terms set out below and have consented to the entry of this Consent Order.

## ORDER AND JUDGMENT

In light of the foregoing, the parties agree, and it is hereby ORDERED and ADJUDGED, as follows:

a.      Ariana is exempted from Defendants' student dress code policy with respect to her nose stud so long as she remains a member of the Church of Body Modification and sincerely believes that wearing her nose stud to school is a tenet of her religion.

b.      Ariana will be allowed to wear facial piercings to school subject to Defendants' "substantial disruption" and "health and safety" provisions of the student dress code for so long as Ariana remains a member of the Church of Body Modification and sincerely believes that wearing her facial piercings to school is a tenet of her religion.

c.      Within thirty (30) days of the entry of this order, Defendants will revise Ariana's records to reflect no disciplinary actions taken with respect to her nose stud. Defendants shall not retain any record of the original disciplinary action, except that legal counsel for the Johnston County Schools may retain such records as part of their litigation files.

d.      Effective at the beginning of the 2011-2012 school year, Defendants will revise Regulation Code 4220-R: Student Dress and Appearance (Request for Reasonable Accommodation for Sincerely Held Religious Belief) as follows:

> i. The sentence currently reading "In making determinations regarding exemptions to the Student Dress Code and Appearance policy, the principal or designee shall not attempt to determine whether the religious beliefs are valid but only whether they are central to religious doctrine and sincerely held" shall be revised to read, "In making determinations regarding exemptions to the Student Dress Code and Appearance policy, the principal or designee shall not attempt to determine whether the religious beliefs are valid but only whether they are sincerely held."
>
> ii. The sentence currently reading, "Generally, the following kinds of information may be required by the principal or principal's designee in making the determination: (a) a written statement by an authority on the religion explaining the religious belief and how it is affected by the Student Dress Code and Appearance policy; (b) a copy of, or citation to, a recognized religious text which is the basis of that belief; (c) identification of the religious group holding the belief, if there is such a group; (d) any written descriptions or summaries that might be available, from texts or encyclopedias or religious publications,

2

explaining the religious belief and how its exercise would be affected by compliance with a Student Dress Code and Appearance policy; and (e) examples of other circumstances in which the sincerity of the religious belief has been demonstrated" shall be revised to read, "Generally, the following kinds of information may be required by the principal or principal's designee in making the determination: (a) a written statement by an authority on the religion explaining the religious belief and how it is affected by the Student Dress Code and Appearance policy; (b) a copy of, or citation to, a recognized religious text which is the basis of that belief, if the religion uses a religious text; (c) identification of the religious group holding the belief, if there is such a group; (d) any written descriptions or summaries that might be available, from texts or encyclopedias or religious publications, explaining the religious belief and how its exercise would be affected by compliance with a Student Dress Code and Appearance policy; and/or (e) examples of other circumstances in which the sincerity of the religious belief has been demonstrated."

e. During the 2011-2012 school year, Defendants will allow Ariana to retake the honors science course that she was enrolled in but did not complete during the 2010-2011 school year. Ariana's academic records will reflect an "Incomplete" for this course until she retakes it during the 2011-2012 school year. If Ariana completes the course requirements during the 2011-2012 school year and receives a final grade in the honors science course, the "Incomplete" for the 2010-2011 school year will removed from her official transcript. If Ariana does not retake the science course or if she withdraws from the course or does not complete course requirements during the 2011-2012 school year, the "Incomplete" will be converted to an "F" on her official transcript.

f. Defendants shall pay to the ACLU of North Carolina Legal Foundation the sum of fifteen thousand dollars ($15,000.00) for Plaintiffs' attorney fees and court costs. The parties expressly understand and agree that neither the payment of this amount, nor the entry of this Consent Order, nor the agreement by any party or parties to any of the terms of this Consent Order, shall be construed as an admission of liability or wrongdoing on the part of any party, and neither the parties nor their representatives shall make any representations to the contrary.

g. This court will have jurisdiction to enforce the terms of this Consent Order until and including June 30, 2014. The $500.00 bond posted as security for the Temporary Restraining Order shall be refunded forthwith to counsel for Plaintiffs.

h. Plaintiffs have agreed to execute a Release of All Claims in connection with the resolution of this lawsuit. A copy of this Release of All Claims is attached to this Consent Order. Plaintiffs shall execute this Release of Claims contemporaneously with their legal counsel's execution of this Consent Order and shall deliver a fully-executed original of the Release of All Claims to counsel for Defendants within five (5) business days of the entry of this Consent Order.

i. Within five (5) business days of the entry of this Consent Order, Plaintiffs shall file a voluntary dismissal with prejudice of all claims pending in this matter. The filing of this dismissal shall not prevent any party from asking this Court to enforce the terms of this Consent

3

Order and shall not divest this Court of jurisdiction to determine whether this Consent Order has been breached as provided in Paragraph g above.

Respectfully submitted jointly by all parties, this the 31st day of May, 2011.

ELLIS & WINTERS, LLP

/s/ Jonathan D. Sasser
Jonathan D. Sasser
N.C. State Bar No. 10029
Mary Kristen Kelly
N.C. State Bar No. 41362
Post Office Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
Fax: (919) 865-7010
Email: jon.sasser@elliswinters.com

ACLU OF NORTH CAROLINA LEGAL FOUNDATION

/s/ Katherine Lewis Parker
Katherine Lewis Parker
N.C. State Bar No. 36263
Legal Director, American Civil Liberties
Union of North Carolina Legal Foundation
Post Office Box 28004
Raleigh, North Carolina 27611
Telephone: (919) 834-3466
Facsimile: (866) 511-1344
Email: acluncklp@nc.rr.com

ATTORNEYS FOR PLAINTIFFS

THARRINGTON SMITH, LLP

/s/ Neal A. Ramee
Ann L. Majestic
N.C. State Bar No. 010414
Neal A. Ramee
N.C. State Bar No. 31745
Post Office Box 1151
209 Fayetteville Street
Raleigh, North Carolina 27602
Telephone: (919) 821-4711
Facsimile: (919) 829-1583
Email: amajestic@tharringtonsmith.com
nramee@tharringtonsmith.com

ATTORNEYS FOR DEFENDANTS

SO ORDERED, this the 6 day of June, 2011.

By: /s/ Malcolm J. Howard
Malcolm J. Howard
Senior United States District Judge